**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KAYLA STEWART, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 1:22-cv-00611 |
| | : | |
| vs. | : | |
| | : | Judge |
| LOVETOY, LLC, et al., | : | |
| | : | Removed from Butler County Common |
| | : | Pleas Court, Case No. CV 2022 09 1561 |
| Defendants. | : | |

**<u>NOTICE OF REMOVAL</u>**

Defendant Amazon.com Services, LLC ("Amazon") by and through counsel and pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, gives notice of the removal of this cause of action from the Court of Common Pleas, Butler County, Ohio, to the United States District Court for the Southern District of Ohio, Western Division, and states as follows:

## I.      INTRODUCTION AND BACKGROUND

**A.      The Incident**

1.      This action arises out of the purchase of an alleged Lovetoy, LLC ("Lovetoy") adult toy on Amazon.com.  Plaintiffs Kayla Stewart and Samantha Stewart allege that product caused severe and permanent bodily injuries to Kayla Stewart and associated damages to both Plaintiffs.  They claim that Lovetoy and Amazon are liable for their injuries and damages.

**B.      The Complaint**

2.      On September 14, 2022, Plaintiffs commenced this action in Butler County, Ohio as Case No. CV 2022 09 1561 (the "State Court Action").

3.      Amazon was served with a Summons and Complaint in the State Court Action on September 22, 2022.  Amazon has not filed a responsive pleading or motion in the State Court

Action, or otherwise made an appearance in that case.  Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of the Summons and Complaint served on Amazon are attached as <u>Exhibit A</u>.

4.      Lovetoy, LLC was served with a Summons and Complaint in the State Court Action on September 27, 2022.  Lovetoy has not filed a responsive pleading or motion in the State Court Action, or otherwise made an appearance in that case.  Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the Summons served on Lovetoy is attached as <u>Exhibit B</u>.

## II.      THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

5.      A civil action brought in state court is removable if the district court has original jurisdiction over it.  28 U.S.C. § 1441(a).  As set forth below, this Court has jurisdiction based on diversity because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, between citizens of different States.   28 U.S.C. § 1332(a)(1).

### A.      Complete Diversity Exists

6.      There is complete diversity of citizenship between Plaintiffs and Defendants.

7.      The Complaint alleges that Plaintiffs are current residents of Montgomery County, Ohio and resided in Butler County, Ohio at the time of the subject incident.  Compl. ¶¶ 3-4.  *See Frank v. PNC Bank, N.A.*, S.D.Ohio No. 1:19-cv-0866, 2020 U.S. Dist. LEXIS 37249, *7-8 (Mar. 4, 2020) (finding that the defendant reasonably relied upon the plaintiff's "statement in her complaint concerning her residence for its averment of her citizenship" and noting that "as a general rule, the place where a person lives is taken to be his proper domicile until the evidence establishes the contrary.")

8.      For the purposes of diversity jurisdiction, limited liability companies are citizens of all states where each of their members is a citizen.  *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 379, 136 S. Ct. 1012 (2016).  Amazon.com Services, LLC's only member is Amazon.com Sales, Inc.  Amazon.com Sales, Inc. is incorporated under the laws of Delaware and its principal place of business is in Washington.  It is therefore a citizen of Delaware and Washington.

9.      According to the California Secretary of State website, attached as <u>Exhibit C</u>, Lovetoy, LLC is a California Limited Liability Company.  According to Lovetoy's counsel, Lovetoy is a single member LLC whose only member is a resident of California and intends to remain in California.  Lovetoy is therefore a citizen of California.  Lovetoy consents to Amazon's removing of this action.

**B.      The Amount In Controversy Exceeds $75,000**

10.      Plaintiffs do not assert a specific value for their claims on the face of the Complaint.  When plaintiffs fail to allege a specific amount in controversy, a defendant need only make a good faith estimate of the amount in controversy.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").  The Court should conclude, based on Plaintiffs' Complaint, that Plaintiffs' claims involve an amount in controversy more than $75,000, exclusive of interest and costs.[1]

---

[1]      Amazon does not concede, and denies, that Plaintiffs are entitled to recover damages in any amount.

11.     Under 28 U.S.C. § 1446(c)(2)(A)(ii), Amazon asserts that the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.  Amazon makes this assertion in good faith in light of the injuries and damages Plaintiffs allege.  More specifically, Plaintiff Kayla Stewart alleges that she suffered "[s]evere and permanent injuries, including pain, emotional distress, depression, loss of consortium, and lacerations and bleeding to genitalia, including the pelvic floor; [g]reat pain and suffering, both physical and emotional, and loss of ability to perform usual functions, including preclusion of reproduction capabilities, and the injuries will cause further pain and suffering in the future; * * * and loss of wages and earnings in an amount yet to be determined."  Compl. ¶ 29(a-b, d).  Plaintiff Samantha Stewart alleges that she "lost the services, society, support, companionship and consortium of Plaintiff Kayla Stewart and she will in all likelihood, lose the services, society, support, companionship and consortium of Plaintiff Kayla Stewart in the indefinite future."  Compl. ¶ 42.

12.     Plaintiffs are seeking in excess of $25,000 for each of their four claims against Defendants.  *See generally* Compl.  They also seek punitive damages and attorney's fees.  *See id*.  Plaintiff Kayla Stewart alleges that she incurred at least $33,994.52 in past medical expenses and further contends that she will need additional medical care in the future.  Compl. ¶ 29(c).

13.     Thus, based on Plaintiffs' allegations of significant and permanent personal injuries (including the preclusion of reproduction capabilities), loss of income, emotional distress, pain and suffering, loss of consortium, and other damages (including punitive damages), Amazon alleges in good faith that the amount in controversy exceeds $75,000.

### III.     ALL SERVED DEFENDANTS CONSENT TO REMOVAL

14.     Lovetoy consents to Amazon's removing of this action.  Lovetoy's consent is attached as Exhibit D.

4

## IV.    THIS REMOVAL IS TIMELY

15.    This Notice is filed pursuant to 28 U.S.C. § 1441, within the time limits prescribed by 28 U.S.C. § 1446(b).

## V.    VENUE FOR THIS REMOVED ACTION IS PROPER

16.    The United States District Court for the Southern District of Ohio, Western Division, embraces the state court where this action was filed and is pending.  Venue is proper in this Court under 28 U.S.C. § 1441(a).

## VI.    NOTICE PROVIDED TO THE PARTIES AND STATE COURT

17.    After filing this Notice, Amazon will, pursuant to 28 U.S.C. § 1446(d), promptly give written notice to all parties and will file a copy of this Notice with the Court of Common Pleas, Butler County, Ohio.

## VII.    NON-WAIVER OF DEFENSES

18.    Amazon expressly reserves all of its defenses.  By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law. Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit.

## VIII.   CONCLUSION

WHEREFORE, Defendant Amazon hereby provides notice that said action is removed to the United States District Court for the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and that the Common Pleas Court of Butler County, Ohio shall proceed no further therein unless this case is remanded.

5

Respectfully submitted,

*/s/ Joyce D. Edelman*
Joyce D. Edelman (0023111)
C. Darcy Jalandoni (0086981)
Sara C. Schiavone (0096657)
Porter Wright Morris & Arthur, LLP
41 South High Street
Columbus, OH 43215
Telephone: (614) 227-2000
Facsimile: (614) 227-2100
E-Mail:  jedelman@porterwright.com
            djalandoni@porterwright.com
            sschiavone@porterwright.com

*Attorneys for Defendant Amazon.com Services, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via the Court's

electronic filing system on the 20th day of October, 2022 upon the following:

Kenneth J. Ignozzi (0055431)
Dyer, Garofalo, Mann & Schultz, L.P.A.
131 North Ludlow Street, Suite 1400
Dayton, OH 45402
Phone: 937-223-8888
Fax: 937-824-8630
Email: kignozzi@dgmslaw.com

*Attorney for Plaintiffs*


Yao Liu (0092485)
Max E. Dehn (0079600)
Madilyn M. Bell (0098386)
Cavitch Famillo & Durkin, Co., L.P.A.
1300 East Ninth Street, 20th Floor
Cleveland, OH 44114
Phone: 216-621-7860
Fax: 216-621-3415
Email:  yaoliu@cavitch.com
        mdehn@cavitch.com
        mbell@cavitch.com

*Attorneys for Lovetoy, LLC*


/s/ *Joyce D. Edelman*
Joyce D. Edelman

21388574v1